UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| In re **ALICE MICHELLE MERENA**, Debtor. | Case No. **08-60066-7** |
| **KENNETH MERENA** and **YU ZHAO**, Plaintiffs. -vs- **ALICE MICHELLE MERENA**, Defendant. | Adv No. **08-00046** |

*MEMORANDUM of DECISION*

At Butte in said District this 28th day of August, 2008.

In this Adversary Proceeding, after due notice, a hearing was held August 21, 2008, in Billings on the Debtor/Defendant's Motion for Injunctive Relief filed July 16, 2008, wherein the Debtor/Defendant requests that the Court stay all matters in Civil Case No. 070915206 now pending in the Third Judicial District Court, Salt Lake County, State of Utah. Attorney Toby Alback of Billings, Montana appeared at the hearing on behalf of the Debtor/Defendant and attorney Craig D. Martinson of Billings, Montana appeared at the hearing on behalf of the

1

Plaintiffs, Kenneth Merena and Yu Zhao. The Debtor/Defendant Alice M. Merena ("Alice") testified and Exhibit A was admitted into evidence without objection.

Alice filed a voluntary Chapter 13 bankruptcy petition on January 30, 2008. On March 22, 2008, the Plaintiff Kenneth Merena ("Kenneth") filed a Motion to Modify Stay seeking to proceed with a tort action commenced by Kenneth against Alice on October 22, 2007, entitled *Merena v. Merena*, Civil Cause No. 070915206, in the Third Judicial District Court, Salt Lake County, State of Utah, wherein Kenneth seeks damages against Alice for libel and slander. In accordance with Mont. LBR 4001-1, Mont. LBR 9013-1 and Mont. LBF 8, Kenneth attached a "Notice to Debtor" to his motion advising Alice, and other parties in interest, such as the Chapter 13 Trustee, that they had ten (10) days within which to respond to Kenneth's motion. Neither the Chapter 13 Trustee nor Alice filed a timely response to Kenneth's motion in accordance with Mont. LBR 4001-1. Given the absence of any outstanding opposition after notice, the Court found that Kenneth's motion was filed for good cause under 11 U.S.C. § 362(d) and entered an Order on April 8, 2008, granting Kenneth's Motion to Modify Stay, thereby allowing Civil Cause No. 070915206 to proceed to judgment. Shortly thereafter, Alice converted her Chapter 13 bankruptcy to a case under Chapter 7 of the Bankruptcy Code.

Kenneth and Plaintiff Yu Zhao ("Zhao") later commenced this Adversary Proceeding on June 27, 2008, setting forth five separate claims for relief, seeking to deny Alice's discharge in its entirety under 11 U.S.C. § 727, or in the alternative, to deny the discharge of their debts under 11 U.S.C. § 523(a)(2)(A) and 523(a)(6). Zhao does not appear to be a party in Civil Cause No. 070915206. The Court also takes judicial notice of the fact that Zhao filed a proof of claim on August 25, 2008, asserting an unsecured claim of $4,372.16, stemming from a $700.00 personal

2

loan.[1]  Kenneth also filed a proof of claim on August 25, 2008, asserting an unsecured claim of $0.00 for unliquidated damages arising out of Civil Cause No. 070915206 and for property division claims that may arise as a result of Kenneth and Alice's divorce proceeding.  The only claim for relief in the Adversary Complaint filed by Kenneth and Zhao that appears to be related to Civil Cause No. 070915206 is the first claim for relief for willful and malicious injury under 11 U.S.C. § 523(a)(6), which claim stems from Kenneth's libel and slander claim that does not involve Zhao.[2]

Following a pretrial scheduling conference held August 20, 2008, this Court entered a scheduling order setting trial in this matter for December 16, 2008.  Initially as it orally ruled at the August 21, 2008, hearing, the Court denied Alice's Motion, and concluded that all matters in this Adversary Proceeding would be held in abeyance until Civil Cause No. 070915206 is concluded and in the event Kenneth is successful in obtaining a judgment against Alice, the parties would then return to this Court for a dischargeability determination.  According to Exhibit A, no trial date is set in Civil Cause No. 070915206.

As just noted, the Court denied Alice's Motion at the August 21, 2008, hearing and

---

[1] Zhao obtained a small claims default judgment against Alice in November of 2007.  Subsequently, Zhao was issued a Writ of Execution wherein the Sheriff/Levying Officer was directed to seize Alice's 2003 Honda Civic in order to satisfy a total debt of $2,862.16.  Alice testified that her Honda Civic was seized to satisfy the obligation owed to Zhao, but she was able to secure the return of the automobile.  Upon conversion of her case to Chapter 7, Alice entered into an agreement to pay the Trustee the non-exempt value of her Honda Civic.  However, Kenneth outbid the price Alice agreed to pay for her equity in the Honda Civic and was successful in purchasing Alice's Honda Civic for $8,500.00.

[2] The Complaint asserts that Kenneth was damaged when Alice intentionally, willfully and maliciously made comments to Zhao, a neighbor and perhaps other persons that Kenneth was having an affair with another woman.

further stated that it would stay all matters in this Adversary Proceeding. In order to obtain relief under 11 U.S.C. § 105, a movant must satisfy the traditional requirements for an injunction. The Court concluded that Alice had not, on balance, satisfied the four prerequisites for an injunction requiring that a movant show: (1) a strong likelihood of success on the merits; (2) the possibility of irreparable injury to the movant absent an injunction; (3) proof that the balance of hardships favors the movant; and (4) the advancement of public interest. *See Martin v. Norwest Bank Kalispell, N.A. (In re Kalispell Feed and Grain Supply, Inc.)*, 55 B.R. 627, 1 Mont. B.R. 239, 242 (Bankr. D.Mont. 1985).

Irrespective of the requirements for an injunction, this Court can only grant relief under § 105 in the confines of the Bankruptcy Code. Section 105(a) of the Bankruptcy Code directs that a bankruptcy court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." In *Kalispell Feed and Grain*, this Court previously determined that "under Section 105 that the Bankruptcy Court is granted the power to stay proceedings not covered by the automatic stay provisions of Section 362(a)." *See also* 2 COLLIER ON BANKRUPTCY, ¶ 105.01[2] - 02 ("Section 105 does not allow the bankruptcy court to override explicit mandates of other sections of the Bankruptcy Code or mandates of other state and federal statutes. . . While the automatic stay stops most offending action, there are some cases in which courts have recognized that discretionary stays are appropriate.")

Civil Cause No. 070915206 was a proceeding stayed by a specific Code section, namely § 362(a). The automatic stay imposed by § 362(a), however, was lifted with respect to Civil Cause No. 070915206 after Kenneth filed a motion to modify stay that was unopposed by Alice. Alice's instant Motion is, in this Court's opinion, procedurally improper because Alice, after waiving the

4

protections afforded by the automatic stay, should not be allowed to circumvent the Court's April 8, 2008, Order, and receive a second opportunity to seek reconsideration of the Order modifying the stay under this procedure. Alice should instead be seeking to vacate the Court's Order of April 8, 2008, under Rule 60(b) and F.R.B.P. 9024 in her main bankruptcy case.

Notwithstanding, Alice testified that she does not have the financial wherewithal to defend Civil Cause No. 070915206, prosecute her bankruptcy and defend Kenneth's and Zhao's Adversary Proceeding.[3] Utah counsel for Kenneth argues that "[j]udicial economy and convenience favor leaving the slander case in Utah." Such argument is not persuasive because this Court has already scheduled a trial in this Adversary Proceeding. Trial has not yet been set in Civil Cause No. 070915206. The issues raised in the Utah action and the issues raised in this Adversary Proceeding could be resolved by this Court by the end of this year. On the other hand, it will take an indeterminate period of time to conclude Civil Cause No. 070915206 and the parties will then have to return to this Court and litigate the issues raised in the Complaint, which will necessarily require that all parties retain Montana counsel and educate them on the matters at hand.

For procedural reasons, the Court denies Alice's Motion for Injunctive Relief filed July 16, 2008. However, contrary to the ruling issued from the bench that the Court would stay these proceedings pending a resolution of Civil Cause No. 070915206, the Court, after further consideration, will proceed with trial in this Adversary Proceeding on December 16, 2008, at which time this Court will hear evidence on all counts contained in the Complaint. In accordance with this Memorandum of Decision, the Court will enter a separate Order providing as follows,

IT IS ORDERED that Alice's Motion for Injunctive Relief filed July 16, 2008, is DENIED;

---

[3] Alice is also involved in divorce proceedings with Kenneth and is involved in a custody dispute with her former husband.

5

and the parties in this action shall be prepared to proceed with trial in this Proceeding on December 16, 2008, as set in the Order entered August 20, 2008.

BY THE COURT

/s/ Ralph B. Kirscher
HON. RALPH B. KIRSCHER
U.S. Bankruptcy Judge
United States Bankruptcy Court
District of Montana