# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| In re<br><br>**ALICE MICHELLE MERENA**,<br><br>Debtor. | Case No. **08-60066-7** |
| **KENNETH MERENA,** and **YU ZHAO**,<br><br>Plaintiffs.<br><br>-vs-<br><br>**ALICE MICHELLE MERENA**,<br><br>Defendant. | Adv No. **08-00046** |

## *MEMORANDUM of DECISION*

At Butte in said District this 19th day of November, 2008.

In this Adversary Proceeding, after due notice, a hearing was held November 18, 2008, in Billings on the Plaintiffs' Motion to Bifurcate Trial filed October 8, 2008.  Attorneys Chris L. Schmutz of Bountiful, Utah and Craig D. Martinson of Billings, Montana appeared at the hearing on behalf of the Plaintiffs and in support of the Motion to Bifurcate Trial.  Attorney Toby Alback of Billings, Montana appeared at the hearing on behalf of the Defendant and in opposition to the Plaintiffs' Motion.  The Debtor/Defendant Alice Michelle Merena ("Alice") testified and the Plaintiffs' Exhibits 2 and 3 were admitted into evidence without objection.  Alice's objection to the introduction of Plaintiff's Exhibit 1 into evidence was sustained and the admission of that

1

Exhibit was denied.[1]

By way of background, and as set forth in a Memorandum of Decision entered by this Court on August 28, 2008, Alice filed a voluntary Chapter 13 bankruptcy petition on January 30, 2008.  On March 22, 2008, the Plaintiff Kenneth Merena ("Kenneth") filed a Motion to Modify Stay seeking to proceed with a tort action commenced by Kenneth against Alice on October 22, 2007, entitled *Merena v. Merena*, Civil Cause No. 070915206, in the Third Judicial District Court, Salt Lake County, State of Utah, wherein Kenneth seeks damages against Alice for libel and slander.  In accordance with Mont. LBR 4001-1, Mont. LBR 9013-1 and Mont. LBF 8, Kenneth attached a "Notice to Debtor" to his motion advising Alice, and other parties in interest, such as the Chapter 13 Trustee, that they had ten (10) days within which to respond to Kenneth's motion.  Neither the Chapter 13 Trustee nor Alice filed a timely response to Kenneth's motion. Given the absence of any outstanding opposition after notice, the Court found that Kenneth's motion was filed for good cause under 11 U.S.C. § 362(d) and entered an Order on April 8, 2008, granting Kenneth's Motion to Modify Stay, thereby allowing Civil Cause No. 070915206 to proceed to judgment.  Shortly thereafter, Alice converted her Chapter 13 bankruptcy to a case under Chapter 7 of the Bankruptcy Code.

---

[1] Plaintiffs' Exhibit 1 was a partial transcript from a court proceeding in Utah held October 30, 2008.  Counsel for Alice objected to the introduction into evidence of the Exhibit on grounds of surprise, lack of foundation and failure to present a complete copy of the transcript. On the issue of surprise, counsel argued that he did not learn of Exhibit 1 until late the day prior to the hearing.  Mont. LBR 5074-1(b), Exchange of Exhibit and Witness Lists, reads: "The parties involved in video and in-person conferences and hearings shall exchange proposed witness and exhibit lists and copies of all proposed exhibits, *and file such with the Court, at least three (3) business days prior to a hearing or trial*."  Plaintiffs did not file Exhibit 1 with the Court at any time prior to the hearing.  Thus, Alice's objection was sustained and the admission of Exhibit 1 into evidence was denied.

Kenneth and Plaintiff Yu Zhao ("Zhao") later commenced this Adversary Proceeding on June 27, 2008, setting forth five separate claims for relief, seeking to deny Alice's discharge in its entirety under 11 U.S.C. § 727, or in the alternative, to deny the discharge of their debts under 11 U.S.C. § 523(a)(2)(A) and 523(a)(6).  Zhao does not appear to be a party in Civil Cause No. 070915206.  The Court also takes judicial notice of the fact that Zhao filed a proof of claim on August 25, 2008, asserting an unsecured claim of $4,372.16, stemming from a $700.00 personal loan.[2]  Kenneth also filed a proof of claim on August 25, 2008, asserting an unsecured claim of $0.00 for unliquidated damages arising out of Civil Cause No. 070915206 and for property division claims that may arise as a result of Kenneth and Alice's divorce proceeding.  The only claim for relief in the Adversary Complaint filed by Kenneth and Zhao that appears to be related to Civil Cause No. 070915206 is the first claim for relief for willful and malicious injury under 11 U.S.C. § 523(a)(6), which claim stems from Kenneth's libel and slander claim that does not involve Zhao.[3]

In the Memorandum of Decision and Order entered August 28, 2008, the Court ruled that while it would not stay the proceedings in Civil Cause No. 070915206 pending in Utah, it would

---

[2] Zhao obtained a small claims default judgment against Alice in November of 2007.  Subsequently, Zhao was issued a Writ of Execution wherein the Sheriff/Levying Officer was directed to seize Alice's 2003 Honda Civic in order to satisfy a total debt of $2,862.16.  Alice testified that her Honda Civic was seized to satisfy the obligation owed to Zhao, but she was able to secure the return of the automobile.  Upon conversion of her case to Chapter 7, Alice entered into an agreement to pay the Trustee the non-exempt value of her Honda Civic.  However, Kenneth outbid the price Alice agreed to pay for her equity in the Honda Civic and was successful in purchasing Alice's Honda Civic for $8,500.00.

[3] The Complaint asserts that Kenneth was damaged when Alice intentionally, willfully and maliciously made alleged comments to Zhao, a neighbor and perhaps other persons that Kenneth was having an affair with another woman.

proceed with trial in this Adversary Proceeding on December 16, 2008, at which time this Court will hear evidence on all counts contained in the Plaintiffs' Complaint. Neither party appealed the Court's August 28, 2008, Order.

Almost six weeks after the Court ruled that the matters in this Adversary Proceeding would be tried on December 16, 2008, the Plaintiffs, like the Defendant earlier, seek to take a second bite of the apple, so to speak, by trying to bifurcate the December 16, 2008, trial and continue indefinitely the claims under 11 U.S.C. § 523. Fed.R.Civ.P. 7042, applicable to bankruptcy proceedings by virtue of F.R.B.P. 7042, allows bankruptcy courts to control the manner in which cases on its docket are tried. The Court may consolidate several actions into a single proceeding or may conduct separate trials of various issues within a single action. Rule 42(b), Fed.R.Civ.P., provides that "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." Rule 42(b) permits the separation of claims or issues for trial if certain conditions are met. First, the trial judge must determine whether separate trials would avoid prejudice to a party or promote judicial economy. *See Houseman v. U.S. Aviation Underwriters,* 171 F.3d 1117, 1121 (7th Cir. 1999). Only one of these criteria - avoidance of prejudice or judicial economy - need be met before a court can order separation. *Id.* In the case *sub judice*, the Court finds that neither criteria is satisfied.

Bankruptcy courts have exclusive jurisdiction to determine whether particular debts are dischargeable. *Grogan v. Garner*, 498 U.S. 279, 284, n.10, 11 S.Ct. 654, 112 L.Ed.2d 755 (1991) ("The 1970 amendments took jurisdiction over certain dischargeability exceptions . . . away from the state courts and vested jurisdiction exclusively in the bankruptcy courts.") Thus,

even if the parties were to litigate the libel and slander matter in Utah, they would still be required to return to this Court for a determination as to whether any potential judgment was dischargeable. Such a duplication of effort is prejudicial to both parties and is a waste of judicial economy.

Moreover, the Plaintiffs' present Motion appears to be nothing more than a tactic to delay these proceedings. The Plaintiffs' Exhibit 2, which was marked as Exhibit 1 and filed November 19, 2008, shows that trial in the Utah proceeding will not be scheduled until the final pretrial conference. The final pretrial conference will not be held until sometime after June 1, 2009. Forcing the parties to litigate the § 727 claim before this Court in December, litigate the Utah claim at an indeterminate date, and then return to this Court to litigate the dischargeability of any potential judgment in favor of the Plaintiffs in the Utah litigation does nothing but increase litigation costs for all the parties. The Court is not privy to the Plaintiffs' financial status, but it is clear from the fact that Alice filed bankruptcy that she is struggling financially and most likely does not have the financial wherewithal to fight legal battles on numerous fronts.

The Plaintiffs also argue that bifurcation of the claims in this Adversary Proceeding will allow for appropriate discovery, which the Plaintiffs allege has been blocked by the Defendant. The Court is not persuaded by the Plaintiffs' baseless allegations because even though discovery was originally scheduled to be completed by November 18, 2008,[4] the Plaintiffs have not filed a single motion seeking to compel answers to discovery.

Thus, while the Court agrees with the Plaintiffs that the § 727 and § 523 claims are

---

[4] The parties filed a stipulation on November 18, 2008, agreeing to extend the discovery deadline to December 5, 2008.

separate and could be bifurcated, this Court finds that the prejudice to all the parties, and in particular Alice, combined with the fact that bifurcation will result in a waste of judicial resources, weighs against bifurcation. Therefore, the Court will enter a separate order providing as follows,

    IT IS ORDERED that Plaintiffs' Motion to Bifurcate Trial filed October 8, 2008, is DENIED.

                                                      BY THE COURT

                                                      HON. RALPH B. KIRSCHER
                                                      U.S. Bankruptcy Judge
                                                      United States Bankruptcy Court
                                                      District of Montana